IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

     Plaintiff,                        No. CIV S-10-0528 JAM DAD PS

     v.

<u>ORDER</u>

CITY OF TRACY, et al.,

     Defendants.

        Plaintiff, William Whitsitt, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). By order filed May 17, 2011, the undersigned found that plaintiff's original complaint alleged sufficient facts to make out a cognizable claim against Officer Brett Hicks pursuant to 42 U.S.C. § 1983, but did not allege sufficient facts to make out a cognizable claim against the City of Tracy. The court also noted that while the State of California was named as a defendant in the caption of plaintiff's complaint, plaintiff did not make any factual allegations concerning the State of California nor did he request damages from the State of California. Accordingly, in the May 17, 2011 order the Clerk of the Court was directed to issue process and send plaintiff an instruction sheet for service of process by the United States Marshal solely on defendant Brett Hicks. (Doc. No. 3.)

On June 7, 2011, plaintiff filed a document styled "OBJECTION TO NOT SERVING OTHER NAMED DEFENDANTS CITY OF TRACY; STATE OF CALIFORNIA." (MTR (Doc. No. 6) at 1.) The court will construe plaintiff's filing as a motion for reconsideration directed to the undersigned.[1]

Motions to reconsider are directed to the sound discretion of the court. See Boone v. United States, 743 F. Supp. 1367, 1371 (D. Haw. 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991); Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). In the United States District Court for the Eastern District of California, a party seeking reconsideration of a ruling on a motion must brief the "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). This rule derives from the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and has resulted in injustice. Handi Inv. Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party is permitted to "rehash" arguments previously presented or to present arguments that could have been raised previously. See Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In his motion for reconsideration, plaintiff argues that the City of Tracy should be served as a defendant in this action because:

> Demanded (sic) for Right to a Post-Tow Hearing, was Denied by the City of Tracy Police Department which is an Official City Municipal Government Practice of Custom. The Denial of my

---

[1] Plaintiff's "objection" is not accurately entitled since it is the undersigned's order of May 17, 2011, and not findings and recommendations which he takes issue with. See Local Rule 304(b). Moreover, plaintiff's "objection" to that order does not appear to be filed pursuant to Local Rule 303(c).

> Demanded (sic) for Right to a Tow Hearing was Not Responded to
> by the City of Tracy Police Department.  Thus becoming the City
> of Tracy Official Municipal Custom, because it was the "Driving
> force behind the Deprivation of that Demanded for Right.["]

(MTR (Doc. No. 6) at 2.)

"To establish municipal liability under § 1983, a plaintiff must show that (1) [he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., --- F.3d ---, ----, 2011 WL 2276774, *6 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658, 694 (1978).

Here, plaintiff has alleged no facts in his complaint nor has he suggested the ability to allege such facts in his motion for reconsideration, that would support the inference that the denial of his request for a tow hearing was caused by employees of the City of Tracy acting pursuant to an official policy or longstanding practice or custom, or that the denial of his request was caused or ratified by an individual with final policy-making authority.

With respect to the State of California, plaintiff merely states:

> Eleventh Amendment Immunity is Not a Bar against Naming of
> the State of California for Declaratory Relief.  I am seeking No
> Monetary Damages from the State of California in this Action in
> Federal Court.

(MTR (Doc. No. 6) at 4.)

In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v.

1  Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318
2  F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176
3  F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of
4  Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against
5  the State or its agencies for all types of relief, absent unequivocal consent by the state."). The
6  Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief,
7  against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02.
8      "Eleventh Amendment immunity also shields state officials from official capacity
9  suits." Krainski, 616 F.3d at 967. However, in Ex Parte Young, 209 U.S. 123, (1908), the
10 Supreme Court held that federal courts have jurisdiction over suits against state officers to enjoin
11 official actions that violate federal statutory or constitutional law, even if the state itself is
12 immune from suit under the Eleventh Amendment. Sofamor Danek Group, Inc. v. Brown, 124
13 F.3d 1179, 1183-84 (9th Cir. 1997) (citing Ex Parte Young, 209 U.S. at 155-56); Natural
14 Resources Defense Council v. Cal. Dep't of Transp., 96 F.3d 420, 422-23 (9th Cir. 1996) (citing
15 Ex Parte Young). Thus, "a plaintiff may . . . maintain a federal action to compel a state official's
16 prospective compliance with the plaintiff's federal rights." Indep. Living Ctr. of S. Cal., Inc. v.
17 Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009) (citing Ex Parte Young). Here, in his
18 complaint plaintiff did not name a state official as a defendant but instead named the State of
19 California itself. However, any claim against the State of California is barred regardless of the
20 relief plaintiff seeks. Krainski, 616 F.3d at 967.
21      Moreover, it appears from a reading of plaintiff's complaint that his claim against
22 the State of California may well concern the suspension of his driver's license by the California
23 Department of Motor Vehicles ("DMV"). "It is clear that the Due Process Clause applies to the
24 deprivation of a driver's license by the State[,]" and that "'licenses are not to be taken away
25 without that procedural due process required by the Fourteenth Amendment.'" Dixon v. Love,
26 431 U.S. 105, 112 (1977) (quoting Bell v. Burson, 402 U.S. 535, 539 (1971)). See also Mackey

1  v. Montrym, 443 U.S. 1, 10, n. 7 (1979).  "The fundamental requisite of due process of law is the
2  opportunity to be heard."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314
3  (1950).  See also Ford v. Wainwright, 477 U.S. 399, 413 (1986).  Thus, "[a]n elementary and
4  fundamental requirement of due process in any proceeding which is to be accorded finality is
5  notice reasonably calculated, under all the circumstances, to apprise interested parties of the
6  pendency of the action and afford them an opportunity to present their objections."  Mullane, 339
7  U.S. at 314.  See also Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 484 (1988).  To
8  satisfy this notice requirement, California law requires the DMV to provide first-class mail notice
9  to an individual's most recent address reported to the DMV when a driver's license is suspended.
10  California Vehicle Code § 13106(a).  See generally Banks v. Dep't of Motor Vehicles for Cal.,
11  419 F. Supp.2d 1186, 1195 (C.D. Cal. 2006).

12  　　　　While it is apparent from reading plaintiff's voluminous complaint that he
13  believes the suspension of his driver's license was invalid because he did not receive notice or a
14  hearing, plaintiff's complaint does not provide sufficient factual allegations in support of such a
15  claim.  For example, plaintiff does not allege when his driver's license was suspended, when he
16  first learned that his driver's license had been suspended, the contents of communications, if any,
17  he had with the DMV regarding the suspension, etc.

18  　　　　Accordingly, for all of the reasons stated above, plaintiff's motion for
19  reconsideration is denied.  Plaintiff is advised that he may elect to file an amended complaint,
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////

1  subject to Federal Rule of Civil Procedure 15, if he so desires.[2]

2  Plaintiff is cautioned that if he elects to file an amended complaint the court must dismiss an in forma pauperis complaint at any time if the allegation of poverty is found to be untrue or if it is determined that the claims are frivolous or malicious, fails to state claims on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), even a pro se pleading must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice to the defendants regarding the claims against them. See Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some

---

[2] Federal Rule of Civil Procedure 15(a)(1)-(2) provides that:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

degree of particularity specific acts which the defendants engaged in that support his claims. <u>See id.</u>

Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint.[3] <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 7, 2011 motion for reconsideration (Doc. No. 6) is denied.

2. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal a properly completed USM-285 form, a properly completed summons form, and the number of copies of the endorsed complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

3. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which he submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

---

[3] Plaintiff should be especially cognizant of this principle in evaluating whether he wishes to file an amended complaint because plaintiff is currently proceeding on his original complaint only against defendant Hicks.

4. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant Brett Hicks, without prepayment of costs.

5. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

DATED: June 17, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\whitsitt0528.mtr.den.order