IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

               Plaintiff,                    No. CIV S-10-0528 JAM DAD PS

      v.

CITY OF TRACY, et al.,             ORDER

               Defendants.

_____/

        This matter came before the court on May 11, 2012, for hearing on a motion

brought on behalf of defendant Brett Hicks to dismiss plaintiff's complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  Attorney Richard Osman appeared for

defendant Brent Hicks and plaintiff William Whitsitt appeared telephonically at the hearing on

his own behalf.  Oral argument was heard and the motion was taken under submission.

BACKGROUND

        In his pro se complaint plaintiff alleges as follows.  On or about June 5, 2009,

plaintiff drove past defendant, Tracy Police Department Officer Brett Hicks, who was conducting

/////

/////

/////

1

1    a traffic stop of another motorist. (Compl. (Doc. No. 1) at 2.[1])  Plaintiff made a left turn onto

2    another street and noticed that Officer Hicks was now following him. (Id.)  After about a quarter

3    mile, Officer Hicks pulled plaintiff over and approached him. (Id.)  Officer Hicks stated to

4    plaintiff, "Mr. Whitsitt, do you know that you have [a] cracked windshield?" (Id.)  Officer Hicks

5    knew plaintiff's name before plaintiff provided him with identification. (Id.)  Plaintiff asked

6    Officer Hicks how he could have seen plaintiff's windshield, given that his rear window was very

7    dirty and covered with dust. (Id.)  Officer Hicks reiterated that plaintiff's windshield was

8    cracked and defective and asked plaintiff for his identification, vehicle registration and proof of

9    insurance. (Id.)  Plaintiff handed Officer Hicks his identification and vehicle registration. (Id.)

10   Officer Hicks then stated, "I see that you have [a] suspended driver's license." (Id.)

11           In response, plaintiff "showed him proof that a section 1983 action had just been

12   filed against the City of Tracy, some fellow police officers and other named defendants" in the

13   Northern District of California. (Id.)  Officer Hicks looked at the document "with [a] great

14   perplexed look in his face." (Id.)  Plaintiff advised Officer Hicks, "That suit is valid and it is

15   pending in the District Court.  You do know this could be held as a form of retaliation." (Id.)

16           Officer Hicks then asked plaintiff to get out of his vehicle and told him to put his

17   hands behind his back. (Id.)  Officer Hicks proceed to handcuff plaintiff and told him that his

18   vehicle was being towed. (Id.)  During this time plaintiff repeatedly objected. (Id.)  Plaintiff was

19   released from Officer Hicks' custody after his vehicle was towed. (Id.)

20           On March 4, 2010, plaintiff filed the complaint in this action along with an

21   application to proceed in forma pauperis. (Doc. Nos. 1-2.)  On May 17, 2011, the undersigned

22   granted plaintiff's request to proceed in forma pauperis and directed the United States Marshal to

23   /////

24   /////

25

26       [1]  Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

2

1  serve process on defendant Brett Hicks.[2]  (Doc. No. 3.)  On March 13, 2012, defendant filed the

2  motion to dismiss now pending before the court.[3]  (MTD (Doc. No. 17.))  After plaintiff was

3  granted an extension of time, plaintiff filed opposition on April 25, 2012.  (Pl.'s Opp'n. (Doc.

4  No. 21.))  Defendant filed a reply on May 1, 2012.  (Doc. No. 22.)  On May 9, 2012, plaintiff

5  filed an opposition to defendant's May 1, 2012 reply.[4]  (Doc. No. 23.)

6                                          STANDARD

7           The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[5] is to test the legal

8  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

9  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10 sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

11 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

12 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14 the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

15 Iqbal,  556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009).

16          In determining whether a complaint states a claim on which relief may be granted,

17 the court accepts as true the allegations in the complaint and construes the allegations in the light

18 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

19

20       [2]  In that same order the undersigned found that plaintiff's complaint did not allege
   sufficient facts to make out a claim for violation of 42 U.S.C. § 1983 against the City of Tracy.
21 (Doc. No. 3.)

22       [3]  Service of process on defendant Hicks by the United States Marshal was delayed as a
   result of plaintiff's failure to comply with the proper procedure.  (Doc. Nos. 10 & 13.)

23       [4]  The filing of a sur-reply, just two days before the hearing of defendant's motion to
   dismiss, is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed.
24 R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the court has
   reviewed the sur-reply and considered it in reaching its decision on the pending motion.
25
       [5]  Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil
26 Procedure.

United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on the motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

I. Rule 8

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

/////

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3    state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

5    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

6    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

7    enhancements.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff

8    must allege with at least some degree of particularity overt acts which the defendants engaged in

9    that support the plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint must also contain "a

10   short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief

11   sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

12        Here, plaintiff's complaint does not contain a short and plaint statement of his

13   claims showing that he is entitled to relief.  Nor does the complaint state each cause of action

14   separately and allege facts that satisfy the elements of each claim both plainly and succinctly.  In

15   this regard, plaintiff has filed a twenty-four page complaint along with a forty-page memorandum

16   of point and authorities in support of that complaint.  The memorandum of points and authorities

17   rehashes allegations found in the complaint, resulting in a sixty-four page complaint with causes

18   of action strewn about and repeated in multiple locations.  Moreover, plaintiff's complaint

19   frequently fails to clearly identify which claim is alleged against which defendant.[6]

20   II.  Fourth Amendment

21        Plaintiff's complaint alleges that Officer Hicks violated plaintiff's rights under the

22   Fourth Amendments by stopping plaintiff's vehicle, arresting him and having his vehicle

23   impounded, all without probable cause.  (Compl. (Doc. No. 1) at 4.)

24   /////

25

26        [6] The City of Tracy and the State of California were also named as defendants in
     plaintiff's complaint.

1      The Fourth Amendment, which applies to the states through the Fourteenth

2  Amendment, protects against unreasonable searches and seizures by law enforcement officers.

3  Mapp v. Ohio, 367 U.S. 643, 655 (1961).  The Fourth Amendment requires law enforcement

4  officers to have at least a reasonable suspicion of criminal activity before making a brief

5  investigatory stop ("Terry stop").  See Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v.

6  Johnson, 581 F.3d 994, 999 (9th Cir. 2009) ("Police may detain or seize an individual for brief,

7  investigatory purposes, provided the officers making the stop have reasonable suspicion that

8  criminal activity may be afoot.") (citation and internal quotation marks omitted).  During a Terry

9  stop, "the officer may ask the detainee a moderate number of questions to determine his identity

10  and to try to obtain information confirming or dispelling the officer's suspicions."  Berkemer v.

11  McCarty, 468 U.S. 420, 439 (1984).

12      Here, the complaint alleges that Officer Hicks "had no probable cause for the

13  traffic stop whatsoever."  (Compl.  (Doc. No. 1) at 5.)  Plaintiff argues that Officer Hicks "could

14  not have ever seen my windshield, because my back window was very dirty and so where (sic)

15  the side windows."  (Id.)  The complaint, however, does not allege that plaintiff's windshield was

16  not cracked and defective.

17      Under California Law, it is unlawful to operate any motor vehicle on a public

18  street when the windshield is in such a defective condition as to impair the driver's vision.  CAL.

19  VEH. CODE § 26710.  Such a traffic violation alone is sufficient to establish reasonable suspicion,

20  see Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Willis, 431 F.3d 709,

21  714-17 (9th Cir. 2005), and "reasonable suspicion" is enough to support an investigative traffic

22  stop.  See U.S. v. Lopez-Soto, 205 F.3d 1101, 1104-05 (9th Cir. 2000); see also Johnson v.

23  County of Alameda, No. C 10-01437 RS, 2011 WL 2610138, at *3 (N.D. Cal. July 1, 2011) ("As

24  a threshold matter, Gilkerson had probable cause to initiate the traffic stop after he witnessed

25  Johnson commit a traffic infraction by crossing over the double yellow lines.").

26  /////

1    The Fourth Amendment also requires that an arrest be supported by probable

2   cause.  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  "[A] warrantless arrest by a law

3   officer is reasonable under the Fourth Amendment where there is probable cause to believe that a

4   criminal offense has been or is being committed."  Devenpeck v. Alford, 543 U.S. 146, 152

5   (2004) (citations omitted).

6    An arrest is supported by probable cause if, under the totality of the circumstances

7   known to the arresting officer, a prudent person would have concluded that there was a fair

8   probability that the defendant had committed a crime.  Luchtel v. Hagemann, 623 F.3d 975, 980

9   (9th Cir. 2010); see also Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009).

10   The inquiry is not whether the suspect actually committed the offense, but rather whether a

11   reasonable officer, based on information known to him/her at the time, had probable cause to

12   think that the suspect could have committed the offense.  See Blankenhorn v. City of Orange,

13   485 F.3d 463, 475 (9th Cir. 2007).

14    Here, plaintiff alleges in his complaint he "did serve notices that [his] driver's

15   license suspension was INVALID and being contested."  (Compl. (Doc. No. 1) at 13.)  In this

16   regard, plaintiff alleges that the City of Tracy Police Department "knew full well that [the]

17   license suspension was being challenged and thus was invalid."  (Id.)

18    Plaintiff's complaint, however, fails to point to any authority to support the

19   assertion that because plaintiff challenged the validity of the suspension of his license that the

20   suspension was somehow "invalid."  Moreover, plaintiff does not contend that his driver's

21   license was not in fact suspended, regardless of whether he was contesting that suspension.

22   Driving on a suspended license is a crime under California law.  CAL. VEH. CODE § 14601.1.

23   According to the allegations of his own complaint, plaintiff committed that crime in the presence

24   of Officer Hicks.  (Compl. (Doc. No. 1) at 2.)  "[W]arrantless arrests for crimes committed in the

25   presence of an arresting officer are reasonable under the Constitution . . ."  Virginia v. Moore,

26   553 U.S. 164, 176-77 (2008).

1        Finally, the Fourth Amendment allows the impoundment of a vehicle when "the

2  driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle

3  . . ." Miranda v. City of Cornelius, 429 F.3d 858, 865 (9th Cir. 2005).  "The authority of police

4  to seize and remove from the streets vehicles impeding traffic or threatening public safety and

5  convenience is beyond challenge."  South Dakota v. Opperman, 428 U.S. 364, 369 (1976).  See

6  also Ramirez v. City of Buena Park, 560 F.3d 1012, 1025 (9th Cir. 2009) ("[t]he community

7  caretaking doctrine . . . allows police officers to impound vehicles that jeopardize public safety

8  and the efficient movement of vehicular traffic.").

9        Here, the complaint alleges that plaintiff was stopped by Officer Hicks for having

10  a cracked and defective windshield.  (Compl. (Doc. No. 1) at 2.)  At the time, plaintiff was

11  driving on a suspended license.  (Id.)  The allegations of plaintiff's complaint indicate that not

12  only was the traffic stop reasonable under the Fourth Amendment, but that Officer Hicks was

13  justified in impounding plaintiff's vehicle under the facts alleged.  In this regard, California

14  Vehicle Code § 14602.6(a)(1) states:

> Whenever a peace officer determines that a person was driving a
> vehicle while his or her driving privilege was suspended or
> revoked ... the peace officer may either immediately arrest that
> person and cause the removal and seizure of that vehicle....

18  Thus, Officer Hicks impoundment of plaintiff's vehicle because plaintiff could not lawfully

19  operate that vehicle would appear to be entirely consistent with the Fourth Amendment.  See

20  McCain v. Stockton Police Dept., No. CIV S-10-3170 JAM CKD PS, 2011 WL 4710696, at * 4-

21  5 (E.D. Cal. Oct. 4, 2011); Halajian v. The City of Fresno, No. 1:10cv01358 AWI DLB, 2010

22  WL 3069897, at *2 (E.D. Cal. Aug. 5, 2010) ("Plaintiff admits that he was driving on a

23  suspended license.  He was therefore unable to lawfully operate the vehicle and the resulting

24  seizure does not violate the Fourth Amendment."); see also Whitsitt v. Zedlitz, No. 08-17526,

25  2011 WL 5190039 (9th Cir. 2011) (affirming dismissal of Fourth Amendment claims

26  "concerning Whitsitt's arrest and the impounding of Whitsitt's vehicle . . . because Whitsitt was

driving on a suspended license in violation of state law."); Whitsitt v. Central Towing Transport, No. 08-17516, 457 Fed. Appx. 658, 659 (9th Cir. 2011) ("The Fourth Amendment claims concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed because Whitsitt was driving on a suspended license in violation of state law.").[7]

III.   Fourteenth Amendment

Plaintiff also alleges in his complaint that Officer Hicks violated plaintiff's Fourteenth Amendment right to due process by denying him a post-tow hearing.  In this regard, the complaint alleges that:

> The Defendants by denial of my right to a post tow hearing to contest wrongful seizure of my vehicle, violated California Vehicle Code tow authorization.  Thus, wrongfully and unlawfully towed and seized my vehicle without authorization.  This violated my Fourth and Fourteenth Amendment Rights to Due Process and post seizure hearing demand.

(Compl. (Doc. No. 1) at 7.)

A Due Process claim brought pursuant to the Fourteenth Amendment may be based upon substantive or procedural Due Process.  To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).  To put it another way, the concept of substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).  To state a claim for violation of procedural Due Process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

---

[7]  Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

"Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." <u>Stypmann v. City & County of San Francisco</u>, 557 F.2d 1338, 1342 (9th Cir. 1977).  "The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 348 (1976) (internal quotation marks omitted) (alteration in original).  Thus, due process requires that the government provide notice and some kind of hearing before final deprivation of a property interest.  <u>See</u> <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 433 (1982) ("[I]t has become a truism that 'some form of hearing' is required before the owner is finally deprived of a protected property interest.") (citation omitted) (emphasis in original).  The opportunity to be heard must be given "at a meaningful time and in a meaningful manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965).

California law provides for post-towing hearings if the owner of the vehicle requests such hearing within 10 days.  CAL. VEH. CODE § 22852(b)-(c).  The post-towing hearing shall be conducted within 48 hours of the request.  CAL. VEH. CODE § 22852(d).  Failure of the registered or legal owner, or his or her agent to request or to attend a scheduled hearing satisfies the post-towing hearing requirement.  CAL. VEH. CODE § 22852(d).  If a post-towing hearing is requested, but was not timely given, a due process violation may exist.  <u>Scofield v. City of Hillsborough</u>, 862 F.2d 759, 764 (9th Cir. 1988).

Here, the complaint alleges that "[t]he named defendants, denied me my demanded for right for post tow, storage hearing" and that "[f]rom the first day on" plaintiff timely demanded "from the City of Tracy and Police Department" a post-tow hearing but received no response.  (Compl. (Doc. No. 1) at 6, 26, 37.)  If Officer Hicks denied plaintiff's request for a post-tow hearing, and if plaintiff's request was timely, such a denial would violate plaintiff's due process rights.  <u>See</u> <u>Scofield</u>, 862 F.2d at 764 ("[I]f Sergeant Musser denied Scofield's request for a post-tow hearing, and if Scofield's request was timely, such a denial would violate Scofield's due process rights.").

1       However, as noted above, "[a] pleading that offers 'labels and conclusions' or 'a

2   formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice

3   if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Iqbal, 129 S. Ct. at

4   1949 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree

5   of particularity overt acts which the defendants engaged in that support the plaintiff's claims.

6   Jones, 733 F.2d at 649.  The allegations found in the complaint fail to allege, with any degree of

7   particularity, overt acts that would support plaintiff's claim that Officer Hicks himself denied

8   plaintiff a timely post-tow hearing which plaintiff had requested.

9   IV.  Retaliation

10      Plaintiff's complaint alleges that Officer Hicks stopped plaintiff and denied him a

11  post-tow hearing which he had demanded in retaliation for plaintiff filing a civil action in the

12  Northern District of California against other officers of the Tracy Police Department.  (Compl.

13  (Doc. No. 1) at 4-5, 9, 28, 37.)

14      "To establish a First Amendment retaliation claim . . . a plaintiff must show that:

15  (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill

16  a person of ordinary firmness from continuing to engage in the protected activity, and (3) the

17  protected activity was a substantial or motivating factor in the defendant's conduct."  Corales v.

18  Bennett, 567 F.3d 554, 563 (9th Cir. 2009) (quoting Pinard v. Clatskanie School Dist. 6J, 467

19  F.3d 755, 770 (9th Cir. 2006)).

20      "The right of access to the courts is subsumed under the first amendment right to

21  petition the government for redress of grievances."  Soranno's Gasco, Inc. v. Morgan, 874 F.2d

22  1310, 1314 (9th Cir. 1989).  "Deliberate retaliation by state actors against an individual's

23  exercise of this right is actionable under section 1983."  (Id.)  Although it can be difficult to

24  establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.

25  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable

26  issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing,

1    evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v.

2    Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial

3    evidence of retaliatory intent").

4            A plaintiff who alleges his arrest was retaliatory, but does not claim retaliatory

5    prosecution, is not required to plead and prove the absence of probable cause in order to state a

6    claim for retaliation.  Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 901 (9th Cir. 2008)

7    (discussing Hartman v. Moore, 547 U.S. 250 (2006), and Skoog v. County of Clackamas, 469

8    F.3d 1221 (9th Cir. 2006)).  Nevertheless, the existence of probable cause to support the arrest

9    "'has high probative force'" when considering whether the defendant's actions were retaliatory.

10   Dietrich, 548 F.3d at 901 (quoting Hartman, 547 U.S. at 265)).

11           Here, accepting the allegations in the complaint as true and construing them in the

12   light most favorable to the plaintiff, the complaint alleges that plaintiff had engaged in the

13   constitutionally protected activity of accessing the courts.  Plaintiff's complaint, however, fails to

14   allege that the defendant's actions would chill a person of ordinary firmness from continuing to

15   engage in the protected activity or that the protected activity was a substantial or motivating

16   factor in defendant's conduct.  In this regard, it is not even entirely clear whether defendant's

17   alleged retaliatory conduct consisted of the vehicle stop, plaintiff's arrest, the towing of his

18   vehicle, the failure to provide a requested post-tow hearing, or some combination of those

19   actions.

20           Plaintiff is again advised that "[a] pleading that offers 'labels and conclusions' or

21   'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint

22   suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Iqbal, 129 S.

23   Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some

24   degree of particularity overt acts which the defendants engaged in that support the plaintiff's

25   claims.  Jones, 733 F.2d at 649.  The allegations found in the complaint fail to comply with these

26   standards.

1                                                LEAVE TO AMEND

2              For the reasons explained above, plaintiff's complaint should be dismissed for

3    failure to state a claim upon which relief may be granted.  The court has carefully considered

4    whether plaintiff may amend his complaint to state a claim upon which relief can be granted.

5    "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and

6    futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

7    Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,

8    1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not

9    have to allow futile amendments).  However, when evaluating the failure to state a claim, the

10   complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the

11   plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

12   Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S.

13   519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal

14   of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

15   deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v.

16   Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

17             Here, it appears beyond doubt that plaintiff can prove no set of facts in support of

18   his Fourth Amendment claim which would entitle him to relief.  However, the court cannot say

19   that it is now beyond doubt that leave to amend would be futile with respect to plaintiff's due

20   process and retaliation claims.  Plaintiff's complaint will therefore be dismissed, and he will be

21   granted leave to file an amended complaint.  Plaintiff is cautioned however that, if he elects to

22   file an amended complaint, "the tenet that a court must accept as true all of the allegations

23   contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

24   of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 129 S.

25   Ct. at 1949 .  "While legal conclusions can provide the complaint's framework, they must be

26   supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims

13

1    "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at

2    557).

3           Plaintiff is also instructed that the court cannot refer to a prior pleading in order to

4    make an amended complaint complete.  Local Rule 220 requires that any amended complaint be

5    complete in itself without reference to prior pleadings.  Any amended complaint will supersede

6    the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended

7    complaint, just as if it were the initial complaint filed in the case, each defendant must be listed

8    in the caption and identified in the body of the complaint, and each claim and the involvement of

9    each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise

10   but complete factual allegations describing the conduct and events which underlie his claims.  In

11   any amended complaint he elects to file plaintiff should state each of his causes of action

12   separately and allege facts that satisfy the elements of the claims both plainly and succinctly,

13   alleging specific acts engaged in by the defendant that would support the particular claim.

14   Finally, if plaintiff elects to file an amended complaint in an attempt to cure the deficiencies

15   noted above, he should take heed of the court's analysis set forth in this order and neither include

16   causes of action nor name defendants in a manner inconsistent with that analysis.

17                                     PLAINTIFF'S OPPOSITION

18           In opposing defendant's motion to dismiss, plaintiff has included "OBJECTION

19   TO NOT SERVING OTHER NAMED DEFENDANTS CITY OF TRACY; STATE OF

20   CALIFORNIA."  (Pl.'s Opp'n. (Doc. No. 21) at 25.)  Therein, plaintiff argues that the court

21   should have ordered service of his complaint on the City of Tracy and the State of California.

22   (Id. at 26.)  Therein, plaintiff argues that the City of Tracy has a custom of denying requests for

23   post-tow hearings and that he is seeking declaratory relief against the State of California based on

24   the suspension of his driver's license.  (Id. at 26, 28.)  Plaintiff's objections are procedurally

25   improper and rendered moot by the dismissal of his complaint with leave to amend.

26   /////

1    Nonetheless, in light of plaintiff's pro se status and the granting of leave to amend, the court will

2    again provide plaintiff with the legal standards governing civil rights claims of municipal

3    liability.[8]

4              "To establish municipal liability under § 1983, a plaintiff must show that (1) [he]

5    was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a

6    deliberate indifference to [his] constitutional right; and (4) the policy was the moving force

7    behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir.

8    2009). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but

9    nonetheless has caused an employee to do so, rigorous standards of culpability and causation

10   must be applied to ensure that the municipality is not held liable solely for the actions of its

11   employee." Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405

12   (1997).

13             "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows

14   that his constitutional injury was caused by employees acting pursuant to an official policy or

15   longstanding practice or custom, or that the injury was caused or ratified by an individual with

16   final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151

17   (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell v. Dep't of Soc.

18   Servs. City of New York, 436 U.S. 658, 694 (1978). Allegations of random acts, or single

19   instances of misconduct are insufficient to establish a municipal custom. See Navarro v. Block,

20   72 F.3d 712, 714 (9th Cir. 1995); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th

21   Cir. 1989).

22             Though plaintiff repeatedly alleges in his complaint that the City of Tracy had a

23   policy of denying requests for post-tow hearings, the complaint alleges no facts in support of that

24   bare assertion. In this regard, plaintiff is advised that the Ninth Circuit applies two principles to

25   _____

26       [8]  The court previously addressed these matters in its June 20, 2011 order.  (Doc. No. 7.)

such so-called <u>Monell</u> claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

<u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631, 637-38 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The allegations found in plaintiff's complaint do not comply with these standards.

With respect to the State of California, in general the Eleventh Amendment bars suits against a state absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.  <u>Pennhurst v. Halderman</u>, 465 U.S. 89, 98-99 (1984); <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003); <u>Yakama Indian Nation v. State of Wash. Dep't of Revenue</u>, 176 F.3d 1241, 1245 (9th Cir. 1999); <u>see also</u> <u>Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.</u>, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  <u>See also</u> <u>Pennhurst</u>, 465 U.S. at 99; <u>Yakama Indian Nation</u>, 176 F.3d at 1245.  "[T]here can be no consent by implication or by use of ambiguous language." <u>United States v. N.Y. Rayon Importing Co.</u>, 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver," <u>Coll. Sav. Bank v. Florida Prepaid</u>, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable

1   for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously

2   to such monetary claims." Lane, 518 U.S. at 192.  Finally, the Ninth Circuit has recognized that

3   "[t]he State of California has not waived its Eleventh Amendment immunity with respect to

4   claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was

5   not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept.

6   of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020,

7   1025-26 (9th Cir. 1999)).

8           "Eleventh Amendment immunity also shields state officials from official capacity

9   suits." Krainski, 616 F.3d at 967.  A narrow exception exists "where the relief sought is

10  prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional

11  or statutory rights." Central Reserve Life of North America Ins. Co. v. Struve, 852 F.2d 1158,

12  1161 (9th Cir. 1998).  See also Papasan v. Allain, 478 U.S. 265, 277-78 (1986); Indep. Living

13  Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009) ("[A] plaintiff may . . .

14  maintain a federal action to compel a state official's prospective compliance with the plaintiff's

15  federal rights.").

16          Here, plaintiff's complaint did not name a state official as a defendant but instead

17  named the State of California itself.[9]

18                              CONCLUSION

19          IT IS HEREBY ORDERED that:

20          1.  Defendant's March 13, 2012 motion to dismiss (Doc. No. 17) is granted;

21          2.  Plaintiff's March 4, 2010 complaint (Doc. No. 1) is dismissed;

22  /////

23  _____

24      [9]  Moreover, plaintiff is cautioned that "[t]he State of California Department of Motor
    Vehicles is not a 'person' within the meaning of the Civil Rights Statutes and is thus also
25  immune from suit under those statutes." Sykes v. State of Cal. (Dept. of Motor Vehicles), 497
    F.2d 197, 201 (9th Cir. 1974)1. See also Banks v. Department of Motor Vehicles for Cal., 419 F.
26  Supp.2d 1186, 1194 (C.D. Cal. 2006) ("[T]he Eleventh Amendment bars plaintiff's third cause
    of action against defendant DMV, a state agency.").

                                        17

3.   Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4.   If plaintiff elects to file an amended complaint, Defendant Hicks need to file a responsive pleading pending the court's review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

DATED: May 24, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\whitsitt0528.mtd.ord

18