IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,                    No. CIV S-10-0528 JAM DAD PS

    v.

CITY OF TRACY, et al.,         ORDER DIRECTING CLERK
TO SEND MATERIALS FOR SERVICE
AND REQUIRING SERVICE BY
UNITED STATES MARSHAL

    Defendants.

_____/

        Plaintiff, William Whitsitt, is proceeding pro se and in forma pauperis in this action. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        In an order issued May 25, 2012, the undersigned granted a motion to dismiss plaintiff's original complaint filed on behalf of defendant Brett Hicks and granted plaintiff thirty days to file an amended complaint.[1] (Doc. No. 25 at 17-18.) Pending before the court is plaintiff's amended complaint filed June 20, 2012. (Doc. No. 28.)

---

[1] In his original complaint also brought claims against the City of Tracy and the State of California. However, in screening the original complaint the court authorized service only with respect to plaintiff's claims against defendant Hicks.

1

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Here, the court has reviewed plaintiff's amended complaint and finds, for the reasons set forth below, that it fails to state a claim on which relief can be granted against defendant Brett Hicks or against the State of California.  The amended complaint, however, does state a cognizable claim against the City of Tracy.

## BACKGROUND

Plaintiff's amended complaint alleges as follows.  On or about June 5, 2009, at approximately 4:45 p.m. plaintiff was traveling north on Tracy Boulevard and drove past defendant Brett Hicks, an officer with the Tracy Police Department, who was conducting a traffic stop of another motorist.  (Am. Compl. (Doc. No. 28) at 2.[2])  Plaintiff made a left turn onto Tennis Lane and noticed that Officer Hicks was now following him.  (Id.)  Officer Hicks followed plaintiff for about a quarter mile and then pulled plaintiff's car over and approached him.  (Id.)  Officer Hicks stated to plaintiff, "Mr. Whitsitt, do you know that you have [a] cracked windshield?"  (Id.)  Plaintiff responded by asking Officer Hicks how he could have seen plaintiff's windshield, given that the rear window of his vehicle was very dirty and covered with dust and a dark tint.  (Id.)  Officer Hicks reiterated that plaintiff's windshield was cracked and defective and asked plaintiff for his identification, vehicle registration and proof of insurance.  (Id.)  Plaintiff handed Officer Hicks his identification and vehicle registration.  (Id.)  Officer Hicks then stated, "I see that you have [a] suspended driver's license."  (Id.)

In response, plaintiff "showed him proof that a section 1983 action had just been filed against the City of Tracy, some fellow police officers and other named defendants" in the U.S. District Court for the Northern District of California.  (Id.)  Officer Hicks looked at the

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

document "with [a] great perplexed look in his face." (Id.) Plaintiff advised Officer Hicks, "[t]hat suit is valid and it is pending in the District Court. You do know this could be held as a form of retaliation." (Id.)

Officer Hicks then asked plaintiff to get out of his vehicle and told him to put his hands behind his back. (Id.) Officer Hicks proceeded to handcuff plaintiff and told him that his vehicle was being towed. (Id.) During this time plaintiff repeatedly objected. (Id.) Plaintiff's vehicle was towed, he was given a receipt for his vehicle and was released from Officer Hicks' custody. (Id.) Plaintiff was forced to walk three miles back to his home. (Id.)

The following day plaintiff went to the Tracy Police Department to recover his vehicle. (Id.) Plaintiff brought along a friend who had a valid California Driver's License. (Id. at 12.) Plaintiff paid $363 to recover his vehicle. (Id. at 2.) At that time, plaintiff also made a demand to "[t]he Administrative Officer" for a post-tow hearing. (Id.) Plaintiff was given a telephone number to call to schedule a hearing. (Id. at 3.) Plaintiff called the number and left several messages. (Id.) Plaintiff also "served by fax and mailing several notices of demand for tow hearing" on the City of Tracy. (Id.)

Based on the above allegations plaintiff's amended complaint alleges causes of action against Officer Hicks and the City of Tracy for violations of plaintiff's rights under the Fourth Amendment and the Fourteenth Amendment, and for retaliation in violation of his rights under the First Amendment.[3] The amended complaint also seeks declaratory relief against the State of California, asserting that the suspension of plaintiff's driver's license was unlawful.

/////

/////

---

[3] Plaintiff's amended complaint fails to set forth his claims in an organized manner. Instead, the arguments in support of his claims are found littered throughout the amended complaint resulting in the absence of a coherent arrangement of claims and arguments. Accordingly, the court has attempted to arrange and construct plaintiff's arguments in the most clear and coherent manner possible.

ANALYSIS

I. Fourth Amendment

Plaintiff's amended complaint alleges that Officer Hicks violated plaintiff's rights under the Fourth Amendment by stopping plaintiff's vehicle, arresting him and having his vehicle impounded, all without probable cause. (Am. Compl. (Doc. No. 28) at 3-6, 9-10, 18-19.)

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). The Fourth Amendment requires law enforcement officers to have at least a reasonable suspicion of criminal activity before making a brief investigatory stop ("Terry stop"). See Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v. Johnson, 581 F.3d 994, 999 (9th Cir. 2009) ("Police may detain or seize an individual for brief, investigatory purposes, provided the officers making the stop have reasonable suspicion that criminal activity may be afoot.") (citation and internal quotation marks omitted). During a Terry stop, "the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." Berkemer v. McCarty, 468 U.S. 420, 439 (1984).

Here, the amended complaint repeatedly alleges that Officer Hicks lacked probable cause to conduct the traffic stop of plaintiff's vehicle. In this regard, plaintiff argues that there was "no way that the officer could ever see my windshield was cracked where he had another motorist stopped and was talking with that motorist." (Am. Compl. (Doc. No. 28) at 4.) That allegation, however, is mere speculation. Indeed, in his amended complaint plaintiff does not dispute that plaintiff's windshield was cracked and defective. Rather, the allegations of the amended complaint acknowledge that the vehicle's windshield had "a crack about three inches in diameter in a web pattern with about four other small cracks at the bottom of the windshield in front of the driver['s] side." (Id. at 10.)

/////

1          Under California Law, it is unlawful to operate any motor vehicle on a public street when the windshield is in such a defective condition as to impair the driver's vision. CAL. VEH. CODE § 26710. Such a traffic violation alone is sufficient to establish reasonable suspicion, see Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Willis, 431 F.3d 709, 714-17 (9th Cir. 2005), and "reasonable suspicion" is sufficient to support an investigative traffic stop. See United States v. Lopez-Soto, 205 F.3d 1101, 1104-05 (9th Cir. 2000); see also U.S. v. Hartz, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law."); Johnson v. County of Alameda, No. C 10-01437 RS, 2011 WL 2610138, at *3 (N.D. Cal. July 1, 2011) ("As a threshold matter, Gilkerson had probable cause to initiate the traffic stop after he witnessed Johnson commit a traffic infraction by crossing over the double yellow lines.").

          The Fourth Amendment also requires that an arrest be supported by probable cause. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted).

          An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. Luchtel v. Hagemann, 623 F.3d 975, 980 (9th Cir. 2010); see also Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009). The inquiry is not whether the suspect actually committed the offense, but rather whether a reasonable officer, based on information known to him/her at the time, had probable cause to think that the suspect could have committed the offense. See Blankenhorn v. City of Orange, 485 F.3d 463, 475 (9th Cir. 2007).

/////

Here, the allegations of plaintiff's amended complaint do not dispute that plaintiff was driving on a suspended license at the time he was stopped by Officer Hicks.[4] Driving on a suspended license is obviously a crime under California law. See CAL. VEH. CODE § 14601.1. According to the allegations found in the amended complaint, plaintiff committed that crime in the presence of Officer Hicks.[5] (Am. Compl. (Doc. No. 28) at 2.)  "[W]arrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution . . . ." Virginia v. Moore, 553 U.S. 164, 176-77 (2008).

Finally, the Fourth Amendment allows the impoundment of a vehicle "under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." Miranda v. City of Cornelius, 429 F.3d 858, 865 (9th Cir. 2005). "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). See also Ramirez v. City of Buena Park, 560 F.3d 1012, 1025 (9th Cir. 2009) ("[t]he community caretaking doctrine . . . allows police officers to impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic.").

Here, in his amended complaint plaintiff repeatedly alleges that the towing of his vehicle was unlawful because Officer Hicks lacked probable cause to initiate the traffic stop. (Am. Compl. (Doc. No. 28) at 6, 19.)  As noted above, however, according to the allegations

---

[4] It appears plaintiff's driver's license may have been suspended for quite some time. See Whitsitt v. Central Towing Transport, No. 08-17516, 457 Fed. Appx. 658, 659 (9th Cir. 2011); Whitsitt v. Alameda County, 15 F.3d 1095 (9th Cir. 1993); Whitsitt v. Lytle, No. 08-01802 JSW, 2008 WL 4844723, (N.D. Cal. Nov. 7, 2008).

[5] In his amended complaint plaintiff also alleges that he was later convicted, "in absentia," of driving without a license, after he failed to appear to contest the matter. (Am. Compl. (Doc. No. 28) at 8-9.)  If so, plaintiff's claims against Officer Hicks would also appear to be Heck-barred. See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("Thus, if finding in favor of a § 1983 plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed.'").

found in the amended complaint Officer Hicks did in fact have sufficient reasonable suspicion to conduct the traffic stop and sufficient probable cause to arrest plaintiff.

Moreover, the allegations of the amended complaint indicate that not only was the traffic stop reasonable under the Fourth Amendment, but that Officer Hicks was justified in impounding plaintiff's vehicle under the facts alleged.  In this regard, the amended complaint alleges that at the time plaintiff's vehicle was stopped, plaintiff was driving without a valid license, the vehicle was located on a public street three miles from plaintiff's home, and there is no suggestion that plaintiff was traveling with another licensed driver or had some other means of lawfully removing the vehicle from the public street.  Under California Vehicle Code § 14602.6(a)(1):

> Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked . . . the peace officer may . . . immediately arrest that person and cause the removal and seizure of that vehicle . . . .

Thus, Officer Hicks' decision to impound plaintiff's vehicle because plaintiff could not lawfully operate it would appear to be entirely consistent with the Fourth Amendment under the facts as alleged in the amended complaint before the court.  See McCain v. Stockton Police Dept., No. CIV S-10-3170 JAM CKD PS, 2011 WL 4710696, at * 4-5 (E.D. Cal. Oct. 4, 2011) (finding that an officer was justified in impounding a vehicle where the vehicle was not registered and plaintiff did not have a driver's license); Halajian v. The City of Fresno, No. 1:10cv01358 AWI DLB, 2010 WL 3069897, at *2 (E.D. Cal. Aug. 5, 2010) ("Plaintiff admits that he was driving on a suspended license.  He was therefore unable to lawfully operate the vehicle and the resulting seizure does not violate the Fourth Amendment."); see also Whitsitt v. Zedlitz, No. 08-17526, 2011 WL 5190039 (9th Cir. 2011) (affirming dismissal of plaintiff's Fourth Amendment claims "concerning Whitsitt's arrest and the impounding of Whitsitt's vehicle . . . because Whitsitt was driving on a suspended license in violation of state law."); Whitsitt v. Central Towing Transport, No. 08-17516, 457 Fed. Appx. 658, 659 (9th Cir. 2011) ("The Fourth Amendment claims

concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed because Whitsitt was driving on a suspended license in violation of state law.").[6]

Accordingly, plaintiff has failed to state a cognizable Fourth Amendment claim against defendant Officer Hicks.

II. Retaliation

Plaintiff's amended complaint also alleges that the City of Tracy and Officer Hicks retaliated against him by unlawfully stopping and arresting plaintiff, towing his vehicle and denying him a post-tow hearing because plaintiff had previously filed a lawsuit in the U.S. District Court for the Northern District of California against the City of Tracy and several officers of the Tracy Police Department, ("prior lawsuit"). (Am. Compl. (Doc. No. 28) at 3, 6-7, 16-17.)

A claim pursuant to 42 U.S.C. § 1983 may be stated where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation is not expressly referred to in the Constitution, but it is actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). "To establish a First Amendment retaliation claim . . . a plaintiff must show that: (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." Corales v. Bennett, 567 F.3d 554, 563 (9th Cir. 2009) (quoting Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)).

"The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances." Soranno's Gasco, Inc. v. Morgan, 874 F.2d

---

[6] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1310, 1314 (9th Cir. 1989). "Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." (<u>Id.</u>) Although it can be difficult to establish the motive or intent of the defendant, in attempting to do so a plaintiff may rely, in part, on circumstantial evidence. <u>See</u> generally <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

However, a retaliation claim is not adequately pled by simply pointing to adverse activity by the defendant after protected speech has been engaged in by the plaintiff. <u>See</u> <u>Farley v. Virga</u>, No. 2:11-cv-1830 KJM KJN P, 2012 WL 4432372, at *2 (E.D. Cal. Sept. 24, 2012) ("timing alone is insufficient."). Instead, the plaintiff must allege facts demonstrating a nexus between the two. <u>See</u> <u>Huskey v. City of San Jose</u>, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"); <u>see also</u> <u>Estrada v. McCue</u>, No. 2:12-cv-0180 DAD P, 2012 WL 3730751, at *4 (E.D. Cal. Aug 24, 2012) ("To state a cognizable retaliation claim, plaintiff must allege facts establishing that the defendant's conduct was substantially motivated by, or because of, plaintiff's engagement in protected conduct."); <u>Marroquin v. Bowman</u>, No. C 09-0713 SBA (PR), 2011 WL 3880421, at *9 (N.D. Cal. Sept. 1, 2011) ("the simple allegation that the transfer occurred after the [] 'legal action' were filed does not, without more, establish retaliation; rather, Plaintiff must allege a nexus between the two."); <u>Berg v. California Horse Racing Bd.</u>, 419 F. Supp.2d 1219, 1232 (E.D. Cal. 2006) (plaintiff "must demonstrate a casual nexus between the protected speech and the alleged . . . action.").

Here, in his amended complaint plaintiff repeatedly alleges that it is his "belief" that the defendants retaliated against him in response to his filing of the prior lawsuit. (Am. Compl. (Doc. No. 28) at 3, 10-11, 16.) With respect to Officer Hicks, plaintiff's "belief" in this

10

regard appears to based on the allegation that Officer Hicks addressed plaintiff by his name before plaintiff produced his identification after the vehicle stop. (Id. at 2.)

However, according to the allegations of plaintiff's amended complaint Officer Hicks stopped plaintiff because plaintiff's vehicle had a defective windshield. As a result of that stop, Officer Hicks discovered that plaintiff was driving on a suspended license.[7] Because plaintiff was driving on a suspended license, he was arrested and his vehicle impounded.

Moreover, in the first amended complaint it is alleged that it was plaintiff who raised the issue of his filing the prior lawsuit, not Officer Hicks. In this regard, the amended complaint alleges that after plaintiff gave Officer Hicks his identification and vehicle registration, plaintiff "showed [Officer Hicks] proof that a section 1983 action *had just been filed* against the City of Tracy, some fellow police officers and other named defendants" in the U.S. District Court for the Northern District of California.[8] (Id. at 2.) According to the allegations found in the amended complaint, Officer Hicks simply responded with a "great perplexed look in his face." (Id.)

With respect to the City of Tracy, plaintiff in his amended complaint simply fails to allege any facts that would even permit an inference of a relationship between plaintiff's filing

---

[7] It seems entirely plausible that Officer Hicks was aware of plaintiff's name prior to obtaining plaintiff's identification based on a check of the vehicle's license plate prior to contacting plaintiff.

[8] A court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000). In this regard, although the amended complaint fails to identify the lawsuit plaintiff filed in the Northern District, or exactly when plaintiff filed that lawsuit, a search of the records for that court reveals that plaintiff did file a lawsuit on May 29, 2009, in that court naming as defendants the City of Tracy, Tracy Police Officer Cummins and several other defendants. See Whitsitt v. Judge Hugh Walker, et al., No. CV-09-2387 JL, (N.D. Cal. 2009). However, an order granting plaintiff's application to proceed in forma pauperis and ordering service of process on the defendants was not issued in that action until August 19, 2009, after the alleged events occurred in this action. Moreover, the defendants in that action were not served until September of 2009. In this regard, it appears defendant Hicks and the City of Tracy may well not have known of the filing of plaintiff's lawsuit prior to September of 2009.

of a prior lawsuit and any action, or inaction, on the part of the City of Tracy. The matter is simply not addressed in any fashion.

Finally, in his amended complaint plaintiff also alleges in conclusory fashion that:

> It is a fact and rule of law when a person files in federal court for civil rights deprivations; that means that the defendants named in that suit keep all hands off. Do not bother, do not disturb[,] the one major exception is real criminal offense, traffic accidents with injuries, felony or real misdemeanor crime in the officer's presence. Not ticky tacky very questionable and or officer created offenses.

(Id. at 6.) In this regard, plaintiff alleges that the effect of his filing the prior lawsuit placed him "under civil rights protection against retribution" and "[t]hus, [the defendants' actions] must be considered in retaliation for the section 1983 filed against the City of Tracy and several Tracy police officers." (Id. at 7.) These are not factual allegations but rather mere legal conclusions for which plaintiff has offered no support.

Accordingly, the court finds that plaintiff's amended complaint fails to allege any facts that would support the inference of a causal nexus between plaintiff's filing of a prior lawsuit and the allegedly adverse actions of Officer Hicks or the City of Tracy. Instead, the allegations found in the amended complaint in support of plaintiff's retaliation claim consist of mere supposition and unsupported legal conclusions. Accordingly, plaintiff has failed to state a cognizable retaliation claim. See Gonzales v. City of Clovis, 12-cv-00053-AWI-SKO, 2012 WL 4671179, at *4 (E.D. Cal. Oct. 3, 2012) (finding allegation of temporal relationship between plaintiff's filing lawsuit and arrest by defendants insufficient to establish a nexus).

III. State of California

Finally, plaintiff's amended complaint seeks declaratory relief from this court against the State of California. Specifically, plaintiff seeks "to have driver's license suspension held unlawful, unconstitutional, and invalid." (Am. Compl. (Doc. No. 28) at 19.) In this regard, plaintiff argues that the "right to continued possession thereof a California driver's license is not

/////

a California state granted conditional privilege; it is a protected vested interest regulated right." (Id. at 20.)

"It is clear that the Due Process Clause applies to the deprivation of a driver's license by the State[,]" and that "'licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.'" Dixon v. Love, 431 U.S. 105, 112 (1977) (quoting Bell v. Burson, 402 U.S. 535, 539 (1971)). See also Mackey v. Montrym, 443 U.S. 1, 10, n. 7 (1979). "The fundamental requisite of due process of law is the opportunity to be heard." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). See also Ford v. Wainwright, 477 U.S. 399, 413 (1986). Thus, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. See also Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 484 (1988). To satisfy this notice requirement, California law requires the DMV to provide first-class mail notice to an individual's most recent address reported to the DMV when a driver's license is suspended. CAL. VEH. CODE § 13106(a). See generally Banks v. Dep't of Motor Vehicles for Cal., 419 F. Supp.2d 1186, 1195 (C.D. Cal. 2006).

Plaintiff's amended complaint, however, offers only vague and conclusory allegations concerning the lawfulness of the suspension of his driver's license and fails to allege any facts in support of his claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Moreover, plaintiff's claim for declaratory relief is brought against the State of California. In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v.

1  Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318
2  F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176
3  F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of
4  Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against
5  the State or its agencies for all types of relief, absent unequivocal consent by the state."). The
6  Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief,
7  against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02.
8         The Ninth Circuit has recognized that "[t]he State of California has not waived its
9  Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and
10 the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh
11 Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.
12 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).
13        "Eleventh Amendment immunity also shields state officials from official capacity
14 suits." Krainski, 616 F.3d at 967. However, in Ex Parte Young, 209 U.S. 123, (1908), the
15 Supreme Court held that federal courts have jurisdiction over suits against state officers to enjoin
16 official actions that violate federal statutory or constitutional law, even if the state itself is
17 immune from suit under the Eleventh Amendment. Sofamor Danek Group, Inc. v. Brown, 124
18 F.3d 1179, 1183-84 (9th Cir. 1997) (citing Ex Parte Young, 209 U.S. at 155-56); Natural
19 Resources Defense Council v. Cal. Dep't of Transp., 96 F.3d 420, 422-23 (9th Cir. 1996) (citing
20 Ex Parte Young). Thus, "a plaintiff may . . . maintain a federal action to compel a state official's
21 prospective compliance with the plaintiff's federal rights." Indep. Living Ctr. of S. Cal., Inc. v.
22 Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009) (citing Ex Parte Young).
23        As noted above, however, plaintiff's amended compliant does not name a state
24 official as a defendant but instead names the State of California itself. Accordingly, the claim as
25 pled is not cognizable.
26 /////

14

IV. Fourteenth Amendment

Plaintiff's amended complaint also alleges that the City of Tracy violated his right to due process under the Fourteenth Amendment by denying him his demanded post-tow hearing.

"Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." Stypmann v. City & County of San Francisco, 557 F.2d 1338, 1342 (9th Cir. 1977). "The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." Mathews v. Eldridge, 424 U.S. 319, 348 (1976) (internal quotation marks omitted) (alteration in original). Thus, due process requires that the government provide notice and some kind of hearing before final deprivation of a property interest. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) ("[I]t has become a truism that 'some form of hearing' is required before the owner is finally deprived of a protected property interest.") (citation omitted) (emphasis in original). The opportunity to be heard must be given "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

California law provides for post-towing hearings if the owner of the vehicle requests such hearing within 10 days. CAL. VEH. CODE § 22852(b)-(c). The post-towing hearing shall be conducted within 48 hours of the request. CAL. VEH. CODE § 22852(d). Failure of the registered or legal owner, or his or her agent to request or to attend a scheduled hearing satisfies the post-towing hearing requirement. CAL. VEH. CODE § 22852(d). If a post-towing hearing is requested, but was not timely given, due process may be violated. Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988). However, in order for a municipality to be liable for such a violation, the violation must have been pursuit to "a policy officially adopted by the municipality." Id. at 765.

In this regard, "[t]o establish municipal liability under § 1983, a plaintiff must show that (1) [he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was

the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658, 694 (1978).

Here, plaintiff alleges that he specifically demanded a post-tow hearing. In this regard, in his amended complaint plaintiff alleges as follows:

> I did make a timely post-tow hearing demand. I made 4 such tow hearing demands within the first 10 days. I first made a tow hearing demand the day I went to pick up my vehicle and I paid a tow hearing fee with tow administrative officer of the city of Tracy. I do not remember if she was a Tracy policy officer or not. I went . . . to pick up my vehicle. I also signed a tow hearing document with that tow administrative officer. The second time I did serve the . . . Police Department with a fallow (sic) up phone call to a police receptionist on 6/8/2009 at approximately 10:20 AM. I talked with the lady receptionist and she stated she would have the police towing officer call when he comes to work. I fallowed (sic) up with another phone call and left a message on Tracy towing officer's phone number 6/11/2009. I did serve by fax and mailing the fourth notice and demand for a tow hearing to: Tracy Supervisors (City Hall); City of Tracy Attorney; City of Tracy Police Department with forth (sic) notice and demand for post-arrest and post-tow, post-seizure hearing right on 6/17/2009. I fallowed (sic) up with another served notice by mail and fax on 14th, of July. I further served a fifth notice and demand for post-tow, post-seizure, post-arrest hearing, by fax and mailing on July 15, 2009.

(Am. Compl. (Doc. No. 28) at 12.)

Plaintiff's amended complaint also alleges "that the City of Tracy, had a (sic) unwritten policy, practice and or custom to do sort of retaliation" against plaintiff and also that the City of Tracy's failure to respond to plaintiff's requests for a post-tow hearing "does constitute a city custom, practice and or policy." (Id.)

/////

Based on these allegations, the court finds that the amended complaint does allege sufficient facts to make out a cognizable claim against the City of Tracy for a violation of plaintiff's right to due process under the Fourteenth Amendment based on an alleged denial of plaintiff's right to a post-tow hearing.  See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) ("Our circuit precedent . . . requires plaintiffs in civil rights actions against local governments to set forth no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom."); Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) ("In this circuit, a claim of municipal liability under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice."); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 form, one summons form, and an endorsed copy of plaintiff's amended complaint filed June 20, 2012. (Doc. No. 28).

2. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal a properly completed USM-285 form, a properly completed summons form, and the number of copies of the endorsed amended complaint and of this order required by

the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

       3. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which he submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

       4. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant City of Tracy, without prepayment of costs.

       5. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

       6. Plaintiff is cautioned that failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[9]

DATED: October 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\whitsitt0528.ac.serve

---

[9] In light of this order and that fact that in screening plaintiff's original complaint service had been authorized of that complaint upon defendant Officer Hicks, the undersigned will issue findings and recommendations recommending that Officer Hicks be dismissed from this action as now plead.