UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF TRACY, et al.,<br><br>  Defendants. | No. 2:10-cv-0528 JAM AC PS<br><br><br>ORDER |

Pending before the court is plaintiff's motion to withdraw deemed admissions. ECF No. 54. This motion was filed following the filing of defendant City of Tracy's ("the City") motion for summary judgment, which relies on plaintiff's failure to respond to defendant's Requests for Admission ("RFA"), Set One. For the reasons set forth here, plaintiff's motion will be denied.

RELEVANT BACKGROUND

On September 12, 2013, the City mail-served plaintiff with written discovery requests, including Interrogatories, Requests for Production of Documents, and the RFA at issue here. Crawford Decl. ¶ 3, Ex. A. As to the RFA, they included requests that plaintiff admit that (1) he did not request a post-tow hearing (RFA No. 5), (2) he suffered no damages as a result of his vehicle being towed on June 5, 2009 (RFA No. 6), and (3) defendant did not cause plaintiff any damages (RFA No. 7). See id. The discovery requests were served on plaintiff at 2920 Fairmont Avenue, Stockton, California 95206 via first class mail. Crawford Decl. ¶ 3, Ex. A. They

1

included introductory language that pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff's responses were due within thirty days after service of the requests. Id. Plaintiff's discovery responses were due on October 17, 2013. Crawford Decl. ¶ 5; Fed. R. Civ. P. 36.

On September 25, 2013, the court held a status conference in this case.[1] Prior to the start of the conference, defense counsel, Sheila Crawford, asked plaintiff whether he received defendant's discovery requests. Crawford Decl. ¶ 4. Ms. Crawford declares that plaintiff confirmed receipt. Id. At the conference, the undersigned asked plaintiff to confirm that his then-current address was indeed 2920 Fairmont Avenue, Stockton, California 95206. Plaintiff confirmed both that the address was his current address and that it had a mailbox.[2]

Non-expert discovery concluded in this case on April 30, 2014. Nearly three months prior this deadline, defendant filed a motion for summary judgment relying on plaintiff's failure to respond to the RFAs, which are now deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). On March 20, 2014, plaintiff filed the instant motion to withdraw the deemed admissions.

## DISCUSSION

A.  Legal Standards

With respect to requests for admission, the Federal Rules of Civil Procedure provide that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). As to the effect of an admission and its withdrawal or amendment:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice

---

[1] The August 19, 2013 order setting status conference was also served on plaintiff at 2920 Fairmont Avenue, Stockton, California 95206. See Docket Entry, Sept. 11, 2013. On September 19, 2013, in response to the order setting status conference, plaintiff filed a Status Conference Statement. ECF No. 49.

[2] Since initiating this action on March 4, 2010, plaintiff has had five addresses associated with this case. See ECF Nos. 1, 6, 29, 41, 47. 2920 Fairmont Avenue, Stockton, California 95206 is the most current address as of September 6, 2013. See ECF No. 47.

>  the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party for any other proceeding.

Fed. R. Civ. P. 36(b).

Rule 36(b) presents a permissive standard, and whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court. Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). A district court must consider both factors specified in Rule 36(b) before deciding a motion to withdraw or amend admissions, but may in addition consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits. Id. at 625. Even if the moving party satisfies the two-pronged test, the court retains discretion to deny the motion. Id. at 624-25.

B. Analysis

    1. Promotion of Presentation of Merits

The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). Here, the only claim before the court is whether defendant violated defendant's due process rights under the Fourteenth Amendment by failing to provide a post-tow hearing after plaintiff's vehicle was towed during a traffic stop when it was discovered that plaintiff was driving with a suspended license.

A Due Process claim brought pursuant to the Fourteenth Amendment may be based upon substantive or procedural Due Process. To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). To put it another way, the concept of substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). To state a claim for violation of

procedural Due Process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

"Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." Stypmann v. City & County of San Francisco, 557 F.2d 1338, 1342 (9th Cir. 1977). "The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." Mathews v. Eldridge, 424 U.S. 319, 348 (1976) (internal quotation marks omitted) (alteration in original). Thus, due process requires that the government provide notice and some kind of hearing before final deprivation of a property interest. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) ("[I]t has become a truism that 'some form of hearing' is required before the owner is finally deprived of a protected property interest.") (citation omitted) (emphasis in original). The opportunity to be heard must be given "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

California law provides for post-towing hearings if the owner of the vehicle requests such hearing within 10 days. Cal. Veh. Code § 22852(b)-(c). The post-towing hearing shall be conducted within 48 hours of the request. Cal. Veh. Code § 22852(d). Failure of the registered or legal owner, or his or her agent to request or to attend a scheduled hearing satisfies the post-towing hearing requirement. Cal. Veh. Code § 22852(d). If a post-towing hearing is requested, but was not timely given, a due process violation may exist. Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988).

However, in order for a municipality to be liable for such a violation, the violation must have been pursuit to "a policy officially adopted by the municipality." Scofield, at 765. In this regard, "[t]o establish municipal liability under § 1983, a plaintiff must show that (1) [he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his

constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658, 694 (1978).

The RFA at issue concern whether plaintiff requested a post-tow hearing, whether he suffered any damages, and whether defendant caused any of plaintiff's damages. The admissions go to the ultimate questions at issue in this case, causing the court to scrutinize the questions, and the resulting deemed admissions, more closely than in the typical scenario in which requests for admissions are propounded as a vehicle for formulating a discovery plan. Defendant argues that it propounded discovery, including interrogatories and requests for admissions, as well as the RFA, in order to determine whether plaintiff has any evidence to support his claim. In light of plaintiff's complete failure to respond to any of defendant's discovery requests and his failure to oppose the summary judgment motion with any admissible evidence that would establish municipal liability, see ECF No. 53, the court finds that granting plaintiff's motion would not promote the presentation of the merits of this case.

2. Prejudice to Defendant

Defendant also argues that it will prejudiced if the deemed admissions are withdrawn. The party relying on the deemed admissions has the burden of proving prejudice. Hadley, 45 F.3d at 1348. When undertaking a prejudice inquiry under Rule 36(b), a district court should focus on the prejudice that the non-moving party would suffer at trial. Conlon, 474 F.3d at 623. The Ninth Circuit has explained:

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Hadley, 45 F.3d at 1348 (quoting Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

5

Defendant argues that it will be substantially prejudiced if plaintiff's motion is granted because this action has been pending since 2010 and relates to an incident that occurred on June 5, 2009.  It claims that it has expended significant resources defending this matter for over four years and that any further efforts will be impeded by the fading of witnesses' memories.  While the fading of witness memories could certainly prejudice the defendant in this four-year old case, defendant has not identified any witnesses whose testimony would be necessary for the resolution of this action and it has not claimed that any witnesses are now unavailable.  The court thus finds that this factor weighs in favor of granting plaintiff's motion.

3. Other Factors

In his moving papers, plaintiffs asks that the deemed admissions be withdrawn on several grounds, including that he has moved multiple times since initiating this case and, as a consequence, lost the RFA.  When he discovered that the RFA was lost, he allegedly phoned defendant on an unspecified date, left a message with an unidentified person, and followed up with a written request, also to an unidentified person, for another copy of the RFA, but defendant never responded to his communications.  He also asserts that he should be granted leniency because he is proceeding in pro per and suffers severe economic conditions.  Lastly, he argues that defendant should have followed up with him when he did not respond to the RFA.

Turning first to plaintiff's first argument that he lost the RFA due to multiple address changes, this is belied both by the record and by plaintiff's admissions.  First, the docket in this case reflects that 2920 Fairmont Avenue, Stockton, California 95206, where the discovery requests were mailed, is the most current address for plaintiff as of September 6, 2013.  Moreover, plaintiff admits that he received the RFA.  See ECF No. 54 at 2.  Plaintiff's allegation of homelessness and his multiple address changes, therefore, did not prevent plaintiff from receiving the discovery requests at issue.  As to plaintiff's argument that he requested a copy of the RFA from plaintiff, defense counsel denies under penalty of perjury of having ever received any request from plaintiff—via telephone, letter or fax—for another copy.  Crawford Decl. ¶¶ 5-9.  Additionally, plaintiff fails to provide any information substantiating his claim that he sought another copy of the RFA, such as whom he contacted and/or when a request was made for

6

another copy.  Since it is the moving party's burden to show entitlement to relief, plaintiff has failed with respect to this first argument.

Next, as to plaintiff's request for lenience in light of his pro per status and unfamiliarity with the local rules and the Federal Rules of Civil Procedure, Eastern District of California Local Rule 183(a) provides as follows:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

Thus, plaintiff is held to the same standards as licensed attorneys with respect to the duty to comply with court orders, the local rules, and the Federal Rules of Civil Procedure.  Additionally, examination of the court's records reveals that plaintiff is not as inexperienced in litigation matters as he suggests, despite his pro per status.  Since 2006, plaintiff has initiated 12 lawsuits in this district,[3] and examination of the docket of the Northern District of California reveals an additional 23 cases.  In many of these cases, plaintiff has been reprimanded multiple times for his failure to comply with court rules.  In this case alone, dismissal has been recommended twice for plaintiff's failure to comply with court orders, see ECF Nos. 10, 33, though each recommendation was vacated following plaintiff's objections.  ECF Nos. 13, 35.  Additionally, on July 3, 2013, the undersigned issued an order to show cause why this case should not be dismissed for plaintiff's failure to abide by a third court order.  ECF No. 44.  That order to show cause was also vacated following plaintiff's response.  ECF Nos. 45-46.  In his objections to the each of the recommendations for dismissal and to the order to show cause, plaintiff made arguments similar

---

[3] 2:06-cv-00397-MCE-JFM, Whitsitt v. Barbosa et al.; 2:06-cv-02075-MCE-KJM, Whitsitt vs. Club Resource Group; 2:06-cv-02076-FCD-GGH, Whitsitt v. Cellars et al.; 2:06-cv-02241-LKK-DAD, Whitsitt v. Carmona Agency et al.; 2:10-cv-00528-JAM-AC, Whitsitt v. City of Tracy et al.; 2:10-cv-01620-GEB-KJM, Whitsitt v. Harris et al.; 2:12-cv-00289-JAM-CKD, Whitsitt v. Ramball et al.; 2:12-cv-02167-TLN-GGH, Whitsitt v. Hollingsworth Logistics et al.; 2:13-cv-00118-KJM-GGH, Whitsitt v. Patricio Enterprises, et al.; 2:13-cv-00117-MCE-AC, Whitsitt v. Hedy Holmes Staffing Services, et al.; 2:13-cv-00119-GEB-CKD, Whitsitt v. Industrial Employer Distributor Association et al.; 2:14-cv-00416-TLN-CKD, Whitsitt v. Amazon.Com et al.

to those presented here, namely, that he made a good faith effort to comply with court orders and/or that the failure to comply was either through an inadvertent mistake or through negligence that should be excused due to his pro per status, unfamiliarity with court rules, and/or his homelessness.

Lastly, plaintiff argues that defendant had a duty to contact him after failing to receive responses to the RFA. But not only does the express language of Rule 36 provides that, "[a] matter is admitted *unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter," see Fed. R. Civ. P. 36(a)(3) (emphasis added), plaintiff has cited no authority for the proposition that a propounding party has a duty to follow-up with a responding party when it fails to receive a response to a request for admission.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 20, 2014 motion to withdraw deemed admissions (ECF No. 54) is denied.

DATED: May 19, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE