UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>          Plaintiff,<br><br>     v.<br><br>BRETT HICKS, et al.,<br><br>          Defendant. | No.  2:10-cv-0528 JAM AC PS<br><br><br>FINDINGS & RECOMMENDATIONS |

Pending before the Court is defendant City of Tracy's February 6, 2014 Motion for Summary Judgment, which plaintiff opposes. The matter was submitted on the briefs on March 26, 2014. ECF No. 56. Having reviewed the motion and the documents filed in support and opposition, THE COURT FINDS AS FOLLOWS:

### UNDISPUTED FACTS[1]

On June 5, 2009, plaintiff William J. Whitsitt was stopped in Tracy, California, by Tracy Police Officer Brett Hicks for driving with a cracked windshield. First Am. Compl. ("FAC") 2, ECF No. 28; Def.'s Req. for Admis. to Pl., Set One, No. 4 (Crawford Decl., Ex. A, ECF No. 52-2). During the stop, Officer Hicks concluded that plaintiff was driving with a suspended license and had plaintiff's vehicle towed. FAC 2; Def.'s Req. for Admis. to Pl. No. 3, ECF

---

[1] All facts are undisputed unless noted otherwise.

1  No. 52-2.  On June 6, 2009, plaintiff went to the Tracy Police Department to retrieve his vehicle,
2  which was released to him only after he paid a $108 administrative fee to the Police Department,
3  $255 to the towing company, and a $90 after-hours fee.  FAC 2.  Though plaintiff had the right to
4  request a post-tow hearing within ten days of the date appearing on the tow notice, see Cal. Veh.
5  Code § 22852(b)(4), plaintiff did not request a post-tow hearing at any time.  Def.'s Req. for
6  Admis. to Pl. No. 5, ECF No. 52-2.  Additionally, plaintiff did not incur any hospital or medical
7  expenses, did not incur any expenses associated with psychological or psychiatric counseling, and
8  suffered no damages as a result of this incident.  Id. Nos. 1-2, 6.

PROCEDURAL BACKGROUND

A.  General Background

Plaintiff initiated this action on March 4, 2010, and is proceeding on a First Amended Complaint ("FAC") filed June 20, 2012 against defendants the City of Tracy ("City"), Officer Hicks, and the State of California.  On October 22, 2012, the Court screened the FAC, finding that it alleged only one claim against defendant City for a violation of plaintiff's due process rights under the Fourteenth Amendment based on the alleged denial of his right to a post-tow hearing.  ECF No. 30.  Following service of the FAC, defendant City filed an answer on April 15, 2013.  ECF No. 37.  On September 26, 2013, a scheduling order issued setting April 30, 2014 as the discovery deadline.  ECF No. 51.  Trial is scheduled for October 6, 2014 before the Honorable John A. Mendez.  Id.

B.  Plaintiff's Deemed Admissions

On September 6, 2013, plaintiff filed a Notice of Change of Address listing his new address as 2920 Fairmont Avenue, Stockton, California 95206.  Pl.'s Notice Change Address, ECF No. 47.  On September 12, 2013, defendant City served plaintiff with written discovery requests, including Interrogatories, Requests for Production of Documents, and Requests for Admission ("RFA"), by first class mail to 2920 Fairmont Avenue, Stockton, California 95206. Crawford Decl. ¶ 3, Ex. A, ECF No. 52-2.  As to the RFA, defendant City requested that plaintiff admit the following: (1) he did not incur any hospital or medical expenses as a result of the incident; (2) he did not incur any expenses associated with psychological or psychiatric

2

1   counseling as a result of the incident; (3) on June 5, 2009, his California Driver's License was
2   suspended; (4) on June 5, 2009, there was a crack in the windshield of his vehicle; (5) after his
3   vehicle was towed on June 5, 2009, he did not request a post-tow hearing at any time; (6) he
4   suffered no damages as a result of the incident; and (7) no defendant in this lawsuit caused
5   plaintiff any damages.  Def.'s Req. for Admis. to Pl., ECF No. 52-2.  Pursuant to Rule 36 of the
6   Federal Rules of Civil Procedure, the RFA clearly stated that plaintiff's responses were due thirty
7   days after service of the requests, which was October 17, 2013.  Id.; Crawford Decl. ¶ 5; Fed. R.
8   Civ. P. 36.

9   　　　　On September 25, 2013, the Court held a status conference in this case.[2]  Before entering
10  the courtroom for the status conference, defense counsel Sheila D. Crawford asked plaintiff if he
11  had received the discovery requests in the mail, and Ms. Crawford has declared that he confirmed
12  receipt.  Crawford Decl. ¶ 4, ECF No. 52-2.  During the status conference, Judge Claire
13  confirmed the above address was correct and plaintiff explained that this address had a mail
14  receptacle.  Status Conference Mins., ECF No. 50.

15  　　　　On February 6, 2014, defendant City moved for summary judgment, alleging that plaintiff
16  failed to respond to defendant City's written discovery requests, including the RFA.  Def.'s Mot.
17  Summ. J. 4:16-17.  As to his alleged failure to respond to the RFA, plaintiff first alleged in his
18  March 12, 2014 opposition to the City's motion for summary judgment that he "lost those request
19  for Admissions."  Pl.'s Opp'n at 4, ECF No. 53.  In the same paragraph of the opposition, he also
20  alleged that "I responded to defendant's requests for discovery as I stated above. I only noticed
21  one set of Request for Discovery and did not receive any fallow [sic] up with request for
22  admissions."  Id.  In another section, he again stated that he lost the RFA, and that he had made
23  both telephone and written requests to defense counsel in an attempt to obtain another copy.  Id.
24  at 12.  However, plaintiff included no evidence of the requests that he allegedly made, and
25  ///

---

[2] The order setting status conference was also served on plaintiff at 2920 Fairmont Avenue, Stockton, California 95206.  See Docket Entry, Sept. 11, 2013.  In response to that order, plaintiff filed a Status Conference Statement.  ECF No. 49.

3

1  defense counsel declared that they never received any phone calls, letters, or other
2  communications from plaintiff regarding the RFA. Crawford Decl. ¶¶ 3-7, ECF No. 55-1.
3       On March 20, 2014, plaintiff filed a Motion to Withdraw Deemed Admissions. ECF
4  No. 54. By order dated May 19, 2014, the undersigned denied plaintiff's motion, finding both
5  that plaintiff received the RFA at his listed mailing address and that he did not assert good cause
6  for failing to timely respond to the RFA. ECF No. 59. The Court also denied plaintiff's request
7  for leniency, finding that plaintiff's pro per status did not relieve plaintiff of his obligations to
8  comply with Local Rules and the Federal Rules of Civil Procedure. See id. Accordingly,
9  plaintiff was deemed to have admitted the seven requests identified above.

10                                  LEGAL STANDARDS

11      "A party may move for summary judgment, identifying each claim . . . or the part of each
12 claim . . . on which summary judgment is sought. The court shall grant summary judgment if the
13 movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
14 judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the
15 outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc.,
16 477 U.S. 242, 248 (1986). For a dispute to be "genuine," a reasonable jury must be able to return
17 a verdict for the nonmoving party. Id.
18      The moving party's burden on summary judgment depends on whether it bears the burden
19 of proof at trial with respect to the claim or defense at issue. When the party moving for
20 summary judgment would bear the burden of proof at trial, it must come forward with evidence
21 which would entitle it to a directed verdict if the evidence went uncontroverted at trial. See
22 C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir.
23 2000). In such a case, the moving party has the initial burden of establishing the absence of a
24 genuine issue of fact on each issue material to its case. Id. However, if the nonmoving party
25 bears the burden of proof on an issue at trial, such as an affirmative defense, the moving party
26 need not produce affirmative evidence of an absence of fact to satisfy its burden. Celotex Corp.
27 v. Catrett, 477 U.S. 317, 323 (1986). The moving party may simply point to the absence of
28 evidence to support the nonmoving party's case. Id.

Once the moving party has met its burden, the burden then shifts to the nonmoving party to designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256 ("a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

To carry its burden, the nonmoving party must show more than the mere existence of a scintilla of evidence, Anderson, 477 U.S. at 252, and "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the nonmoving party must come forward with affirmative evidence from which a jury could reasonably render a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 252, 257. In determining whether a jury could reasonably render a verdict in the nonmoving party's favor, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Dias v. Nationwide Life Ins. Co., 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010).

To establish a genuine dispute of material fact, a plaintiff must present affirmative evidence; bald assertions that genuine issues of material fact exist are insufficient. Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); see also F.T.C. v. Stefanchik, 559 F.3d 924 (9th Cir. 2009) ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."). Further, evidence that is merely colorable or that is not significantly probative is not sufficient to withstand a motion for summary judgment. Anderson, 477 U.S. at 249-50 (citations omitted). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat

summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); see also Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment").  If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

## DISCUSSION

Defendant maintains that plaintiff's sole surviving due process claim brought pursuant to 42 U.S.C. §1983 fails because he cannot meet his burden of showing that he was denied a post-tow hearing since plaintiff has admitted that (1) he failed to timely request a post-tow hearing, (2) he suffered no damages, and (3) defendant City did not cause him any damages.

A due process claim brought pursuant to the Fourteenth Amendment may be based on either substantive or procedural due process.  To make a substantive due process claim, plaintiff must show "a state actor deprived [him] of a constitutionally protected life, liberty or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).  This deprivation must be done in a way that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Nunez v. City of L.A., 147 F.3d 867, 871 (9th Cir. 1998) (citations omitted).  To state a procedural due process claim, plaintiff must show that he was deprived of a constitutionally protected liberty or property interest and was denied adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

The "[l]oss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." Stypmann v. City & Cnty. of S.F., 557 F.2d 1338, 1342 (9th Cir. 1977).  California law provides for post-tow hearings if the owner of the vehicle requests such a hearing within ten days of the date appearing on the tow notice. Cal. Veh. Code § 22852(b)-(c).  If a vehicle owner requests a post-tow hearing but is not given one within forty-eight hours (excluding weekends and holidays), due process may be violated. Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988).

In order for a municipality to be liable for such a due process violation under section 1983, plaintiff must show that: "(1) [he] was deprived of a constitutional right; (2) the [City] had

1  a policy; (3) the policy amounted to [a] deliberate indifference to [his] constitutional right; and
2  (4  the policy was the moving force behind the constitutional violation." Burke v. Cnty. of
3  Alameda, 586 F.3d 725, 734 (9th Cir. 2009).  Plaintiff must show that "his constitutional injury
4  was caused by employees acting pursuant to an official policy or longstanding practice or custom,
5  or that the injury was caused or ratified by an individual with final policy-making authority."
6  Chudacoff v. Univ. Med. Ctr. Of S. Nev., 649 F.3d 1143, 1151 (9th Cir. 2011) (internal quotation
7  marks and citation omitted).

        a.        Deprivation of a Constitutional Right

9     In the FAC, plaintiff asserts that defendant deprived him of his constitutional right to due
10  process after denying his request for a post-tow hearing.  An undisputed fact of this case,
11  however, as established by plaintiff's deemed admissions, is that, "after [his] vehicle was towed
12  on June 5, 2009, [he] did not request a post-tow hearing at any time."³  Def.'s Req. for Admis. to
13  Pl. No. 2, ECF No. 52-2; see also Order Denying Mot. Withdraw Deemed Admis., ECF No. 59.
14  Because California law requires that the vehicle owner request a post-tow hearing within ten days
15  of receipt of notice of the vehicle's storage, and because plaintiff admitted that he did not request
16  a post-tow hearing at any time, plaintiff's rights cannot have been violated as a matter of law.
17  Therefore, there is no genuine issue of material fact here because plaintiff and defendant agree
18  that plaintiff failed to request a post-tow hearing.

        b.        Evidence of City Policy

20     Plaintiff also alleges in the FAC that he made four separate attempts within the ten day
21  period to contact defendant City's police department to request a post-tow hearing, and that
22  defendant City's failure to respond to or answer his demands constitutes a city custom, practice,
23  or policy.  FAC 12.  As noted above, plaintiff has admitted that he did not request a post-tow

---

³ Attached to plaintiff's opposition are exhibits that, though not properly authenticated, see Fed. R. Evid. 901, suggest that plaintiff did request a post-tow hearing. See, e.g., Pl.'s Opp'n, Ex. A-1, ECF No. 53 at 22-24.  These exhibits will be disregarded because matters deemed admitted under Rule 36 are conclusively established and the Court cannot consider evidence that is inconsistent with the admissions. See 999 v. C.I.T. Corp., 776 F.2d 866, 869-70 (9th Cir. 1985); Cook v. Allstate Ins. Co., 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004).

hearing at any time. He cannot maintain a claim that the City maintains a policy of denying post-tow hearings when the undisputed facts establish that he has never requested one.

### c. Damages

Finally, plaintiff alleges in the FAC that he suffered damages from the alleged due process violation. By way of his deemed admissions, however, plaintiff has admitted both that he suffered no damages as a result of his vehicle being towed and that defendant City did not cause him any damages. Def.'s Req. for Admis. to Pl. No. 2, ECF No. 52-2; Order Denying Mot. Withdraw Deemed Admissions, ECF No. 59. Therefore, no genuine dispute exists as to whether plaintiff suffered damages and whether defendant City caused him damages. Accordingly, no genuine dispute exists as to any material fact in this case, and summary judgment should be granted in favor of defendant.

## CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 52) be granted;
2. Summary judgment be entered for defendant on plaintiff's "Denial of Post-Tow Hearing" claim pursuant to Federal Rule of Civil Procedure Rule 56; and
3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2014.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE