UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TRACY, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-00528-JAM-AC<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). On review of the motions, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

### FACTUAL BACKGROUND

The undisputed facts of plaintiff's first amended complaint (FAC) are as follows. On June 5, 2009, plaintiff William J. Whitsitt was stopped in Tracy, California, by Tracy Police Officer Brett Hicks for driving with a cracked windshield. ECF No. 28 at 2 (FAC); ECF No. 52 at 5 (Motion for Summary Judgement). During the stop, Officer Hicks concluded that plaintiff was driving with a suspended license and had plaintiff's vehicle towed. Id. On June 6, 2009, plaintiff went to the Tracy Police Department to retrieve his vehicle, which was released to him only after he paid a $108 administrative fee to the Police Department, $255 to the towing company, and a $90 after-hours fee. Id. Though plaintiff had the right to request a post-tow hearing within ten

1 days of the date appearing on the tow notice, see Cal. Veh. Code § 22852(b)(4), plaintiff did not
2 request a post-tow hearing at any time. ECF No. 52 at 5; ECF No. 52-2; ECF No. 59 (denying
3 plaintiff's motion to withdraw deemed admissions). Additionally, plaintiff did not incur any
4 hospital or medical expenses, did not incur any expenses associated with psychological or
5 psychiatric counseling, and suffered no damages as a result of this incident. ECF No. 52-2.

6                                   PROCEDURAL BACKGROUND

7            On March 4, 2010, plaintiff filed a complaint against defendants the City of Tracy, Officer
8 Brett Hicks, and the State of California. ECF No. 1. On May 17, 2011, the court issued a
9 screening order finding that plaintiff's complaint set forth only one cause of action against Officer
10 Hicks. ECF No. 3. Plaintiff filed a motion for reconsideration. ECF No. 6. On June 20, 2011,
11 the court denied plaintiff's motion for reconsideration and advised plaintiff he could file an
12 amended complaint if he so desired. ECF No. 7. On July 22, 2011, plaintiff improperly
13 submitted service-related documents to the court, and on August 9, 2011, the court ordered
14 plaintiff to submit the summons and complaint directly to the U.S. Marshal's Office (USM)
15 within 30 days. ECF Nos. 8, 9.

16           On October 11, 2011, the previously-assigned magistrate judge recommended that this
17 action be dismissed because plaintiff had failed to timely submit materials to the USM as required
18 by previous orders. ECF No. 10. Plaintiff objected to the findings and recommendations,
19 alleging that he timely submitted the requisite materials to the USM. ECF Nos. 11, 12. On
20 November 2, 2011, the court vacated its findings and recommendations and ordered plaintiff to
21 file a declaration within twenty-one days stating the date on which he submitted the required
22 documents for service of process to the USM. ECF No. 13. Plaintiff complied with the court's
23 order. ECF No. 14. The complaint was served on Officer Hicks on February 22, 2012. ECF No.
24 15.

25           On March 13, 2012, Officer Hicks filed a motion to dismiss plaintiff's complaint for
26 failure to state a claim. ECF No. 17. On May 25, 2012, the court granted Officer Hicks' motion
27 to dismiss, and provided plaintiff with 30 days to amend his complaint. ECF No. 25. Plaintiff
28 filed his first amended complaint on June 20, 2012. ECF No. 28.

1    On October 22, 2012, the court issued a screening order finding that the first amended
2    complaint only alleged one cognizable claim against the City of Tracy for a violation of plaintiff's
3    Due Process rights under the Fourteenth Amendment based on a denial of his right to a post-tow
4    hearing.  ECF No. 30.  The court ordered plaintiff to serve the City of Tracy with the first
5    amended complaint within 30 days of the order.  Id.  Plaintiff failed to comply.

6    On January 14, 2013, the court issued findings recommending the matter be dismissed
7    based upon plaintiff's failure to comply with previous orders.  ECF No. 33.  Plaintiff objected to
8    the findings and recommendations, alleging he timely provided the requisite materials to the
9    USM for service of his first amended complaint.  ECF No. 34.  On January 30, 2013, the court
10   vacated its findings and recommendations and again ordered plaintiff to serve the City of Tracy
11   with the first amended complaint within 30 days.  ECF No. 35.  Thereafter, plaintiff served the
12   City of Tracy with his first amended complaint.  On April 15, 2013, the City of Tracy filed an
13   answer to plaintiff's first amended complaint.  ECF No. 37.

14   On September 6, 2013, plaintiff filed a notice of change of address.  ECF No. 47.  The
15   notice listed plaintiff's new address as 2920 Fairmont Avenue, Stockton, California 95206.  Id.
16   On September 12, 2013, the City of Tracy mail served plaintiff with written discovery requests.
17   ECF No. 52-2.  Plaintiff failed to respond to the City of Tracy's written discovery, including the
18   requests for admissions.  Id.

19   On February 7, 2014, the City of Tracy filed a motion for summary judgment that
20   included deemed admissions in support of its motion.  ECF No. 52.  On March 12, 2014, plaintiff
21   filed an opposition to the City of Tracy's motion for summary judgment.  ECF No. 53.  On
22   March, 20, 2014, plaintiff filed a motion to withdraw deemed admissions, claiming he never
23   received the City of Tracy's requests for admission.  ECF No. 54.  On April 16, 2014, the City of
24   Tracy filed an opposition to plaintiff's motion.  ECF No. 58.  On May 19, 2014, the court issued
25   an order denying plaintiff's motion to withdraw deemed admissions.  ECF No. 59.  The court
26   denied the motion on the following grounds: (1) due to plaintiff's complete failure to respond to
27   any of the City of Tracy's discovery requests and his failure to oppose the City of Tracy's
28   summary judgment motion with any admissible evidence that would establish municipal liability,

1    the court determined that granting plaintiff's motion would not promote the presentation of the
2    merits of the case; (2) the record and plaintiff's admissions did not support his argument that he
3    lost the requests for admissions due to multiple address changes; (3) plaintiff's pro per status did
4    not warrant relief; and (4) plaintiff cited no authority for the proposition that a propounding party
5    has a duty to follow-up with a responding party when it fails to receive a response to a request for
6    admission. Id. The following matters were, accordingly, deemed admitted: (1) plaintiff did not
7    timely request a post-tow hearing; (2) plaintiff suffered no damages as a result of his vehicle
8    being towed on June 5, 2009; and (3) defendant did not cause plaintiff any damages. See ECF
9    No. 52-2.
10        On July 16, 2014, the undersigned issued findings recommending that the City of Tracy's
11   motion for summary judgment be granted and the action dismissed with prejudice. ECF No. 61.
12   The court served plaintiff the order at his last known address: 2920 Fairmont Avenue, Stockton,
13   California. On August 25, 2014, the findings and recommendations were returned to the court as
14   undeliverable. Plaintiff was ordered to file a notice of change of address, but failed to do so. On
15   September 3, 2014, the presiding district judge adopted the findings and recommendations and
16   dismissed the case with prejudice. ECF Nos. 64, 65. The court again served the order upon
17   plaintiff at 2920 Fairmont Avenue, Stockton, California. On October 1, 2014, the order and
18   judgment were returned to the court as undeliverable because plaintiff moved and did not leave a
19   forwarding address. Plaintiff was ordered to file a notice of change of address, but failed to do so.
20       Plaintiff filed the instant motion for relief from judgment on August 24, 2015. ECF No.
21   66. On the motion, he listed his address as 335 W. Clover Road, Tracy, California 95376. Id.
22   On September 18, 2015, the City of Tracy filed an opposition to plaintiff's motion. ECF No. 68.
23   On October 5, 2015, plaintiff filed a reply. ECF No. 69.
24                                    LEGAL BACKGROUND
25       Rule 60(b) provides for reconsideration of a final judgment or any order where one of
26   more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
27   newly discovered evidence which, with reasonable diligence, could not have been discovered
28   within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an

opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).  The final provision of Rule 60(b) permits courts to grant relief "whenever such action is appropriate to accomplish justice." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (citations and internal quotation marks omitted).  The moving party must show that "extraordinary circumstances" warrant relief. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988).

## DISCUSSION

Plaintiff argues that the court should grant his Rule 60(b) motion because (1) he never received a copy of the court's July 16, 2014, findings recommending that defendant's motion for summary judgment be granted; (2) the undersigned denied his motion to withdraw his deemed admissions in the absence of all authority to do so because it was a dispositive order; and (3) the undersigned and U.S. District Judge Mendez were unfairly biased against him.  The court finds these arguments do not establish an entitlement to relief from judgment and accordingly, it will recommend plaintiff's motion be denied.

I.      Plaintiff's Receipt of the Court's Findings and Recommendations

Although plaintiff's motion is somewhat difficult to follow, he seems to argue that the court should grant him relief from judgment because his failure to file objections to the court's July 16, 2014, findings and recommendations constituted excusable neglect. ECF No. 66 at 2–3, 4. Plaintiff states that he never filed objections to the court's findings and recommendations because he never received a copy of them. Id.  The docket reflects that the findings and recommendations were returned as undeliverable because plaintiff moved without leaving a forwarding address.  Plaintiff, however, contends that he served a notice of change of address upon the court on August 10, 2014. Id.[1]  Had the court served the findings and recommendations upon plaintiff's new address in accordance with his notice, he claims he would have had the opportunity to file objections. Id.  Those objections, in turn, would have convinced the presiding

---

[1] Plaintiff does not specify whether he attempted to file that notice in this case, or in one of his several other cases before this court.  Moreover, he does not provide a copy of any such notice submitted in this case. Id.

5

district judge to decline to adopt the findings and recommendations and his case would not have been dismissed. Id.

Plaintiff seems to be arguing for relief from judgment under Rule 60(b)(1), which provides for relief from a judgment rendered due to mistake, inadvertence, surprise or excusable neglect. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (holding that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith" (citing Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993))). Plaintiff's argument is unconvincing for a number of reasons, first and foremost because the court did not grant summary judgment because plaintiff failed to file objections. The court granted summary judgment because there were no triable issues of material fact in the case. ECF Nos. 61, 64. Because plaintiff's failure to file objections was not the basis for judgment, it cannot constitute excusable neglect meriting relief from judgment.

In addition, plaintiff fails to support his argument that Judge Mendez would have declined to adopt the undersigned's findings and recommendations if plaintiff's objections had been filed. Plaintiff does not explain in any way what his objections would have included, or how they would have persuaded Judge Mendez to reject the findings and recommendations. Accordingly, it is impossible for the court to evaluate plaintiff's claim that his objections could have prevented summary judgment.

II.     The Court's Denial of Plaintiff's Motion to Withdraw Deemed Admissions

"The authority of magistrate judges is limited by 28 U.S.C. 636, under which a magistrate judge may hear and determine nondispositive matters but not dispositive ones." Bastidas v. Chappell, 791 F.3d 1155 (9th Cir. 2015) (internal citations omitted). Rule 72 of the Federal Rules of Civil Procedure reflects this statutory distinction. Mitchell v. Valenzuela, 791 F.3d 1166, 1169 (9th Cir. 2015). These authorities grant magistrate judges broad authority over motions related to discovery. See Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

1    Plaintiff argues that the undersigned's order denying his motion to withdraw deemed
2 admissions was dispositive, and therefore issued without authority, because the City of Tracy
3 relied upon the deemed admissions in its successful motion for summary judgment. ECF No. 66
4 at 5–6. It is not clear which subsection of Rule 60 provides the basis for this argument. It seems
5 more than likely, however, that plaintiff means to rely upon the provisions for relief from void
6 judgments or where there is "any other reason" that justified relief. See Fed. R. Civ. P. 60(b)(4),
7 (6).

8    "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be
9 raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559
10 U.S. 260, 270 (2010). Such infirmities are extremely rare, as they must be premised on "a certain
11 type of jurisdictional error or on a violation of due process that deprives a party of notice or the
12 opportunity to be heard." Id. (citing United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661
13 (1st Cir. 1990)). Judgments are generally considered void for jurisdictional defects only when
14 "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (citing
15 Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)).

16    Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from a final
17 judgment, order, or proceeding for "any other reason that justifies relief." Rule 60(b)(6) is to be
18 "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only
19 where extraordinary circumstances prevented a party from taking timely action to prevent or
20 correct an erroneous judgment.'" Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th
21 Cir. 2006). A party who moves for such relief "must demonstrate both injury and circumstances
22 beyond his control that prevented him from proceeding with . . . the action in a proper fashion."
23 Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002), as amended on denial of reh'g
24 and reh'g en banc (Apr. 24, 2002).

25    Neither cited provision of Rule 60(b) provides for relief on plaintiff's theory that the
26 undersigned acted in excess of a magistrate judge's authority. Both the Federal Magistrates Act
27 and Rule 72 provide that magistrate judges may issue orders on non-dispositive motions, defined
28 as "those 'pretrial matters not dispositive of a claim or defense of a party.'" Maisonville v. F2

America, Inc., 902 F.2d 746, 747 (9th Cir. 1990). This court's order denying plaintiff's motion to withdraw deemed admissions did not dispose of any of his claims. Cf. Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)). The fact that plaintiff's deemed admissions were subsequently used by the City of Tracy in its motion for summary judgment does not make the court's order on the discovery matter dispositive. Accordingly, the court finds the fact that its ruling regarding deemed admissions does not justify relief from judgment under Rule 60(b)(4) or (6).

### III. Bias Against Plaintiff

Plaintiff argues that both the undersigned and Judge Mendez have been biased in their adjudication of this case. ECF No. 66 at 4–5. Plaintiff's claim of bias is unsupported by any factual allegations. Plaintiff does not give any reason why the court would be biased against him, or supply any facts showing bias. The court's rulings do not, without more, establish bias. See Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, the court finds plaintiff is not entitled to relief from judgment on grounds of judicial bias.

### CONCLUSION

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that plaintiff's motion for relief from judgment, ECF No. 66, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

////
////
////
////

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 5, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE